IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL A. DEAN,

    Plaintiff,

v.                                                                              CV 12-0671 WPL/GBW

EMERALD CORRECTIONAL
MANAGEMENT, LLC, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Daniel A. Dean was incarcerated at the Lincoln County Detention Center ("LCDC") in Lincoln County, New Mexico. After his release, he brought this lawsuit alleging violations of his Eighth Amendment rights and negligence pursuant to 42 U.S.C. § 1983 and the New Mexico Tort Claims Acts ("NMTCA"). (Doc. 1.) Defendants Emerald Correctional Management, LLC ("Emerald"), Arthur Anderson, Warden of LCDC, and the Board of County Commissioners of the County of Lincoln, New Mexico ("the County") moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss this action for failure to state a claim. (Doc. 8.) Defendants argue that Dean failed to plead facts specific enough to meet the pleading standards of Federal Rule of Civil Procedure 8. Pursuant to 28 U.S.C § 636(c) and Federal Rule of Civil Procedure 73(b), the parties have consented to have me serve as the presiding judge, resolve dispositive matters, and enter a final judgment. Having considered the facts and relevant law, I grant in part and deny in part Defendants' motion to dismiss.

## FACTUAL & PROCEDURAL BACKGROUND[1]

From March 2, 2011, to June 6, 2011 and June 7, 2011, to August 24, 2011, Dean was incarcerated at LCDC. (Doc. 1 at 3.) Emerald, a private corporation, managed LCDC during Dean's incarceration, but the County remained the official governing body of the prison at all relevant times. (*Id.* at 2-3.) Anderson was the Warden of LCDC during this period. (*Id.* at 2.)

While incarcerated, Dean suffered from a broken ankle.[2] (*Id.* at 4.) He claims that Defendants "failed to provide necessary medical treatment to [his] broken ankle, causing permanent damage, including ankle replacement." (*Id.*) Dean's physician prescribed him an ankle brace, but Defendants did not provide him with a brace despite Dean's requests. (*Id.*) Dean claims that not only did Defendants deny him an ankle brace, but they never provided him with proper medical treatment for over five months, despite his requests. (*Id.* at 4-5.) Furthermore, Dean was housed in a unit with stairs, so he had to walk up and down the stairs regularly, even though he was in so much pain that he occasionally experienced "semi-unconsciousness." (*Id.*) Dean alleges that Emerald and Anderson knew of his condition, but they ignored his repeated requests for medical attention. (*Id.* at 4.) Dean's wife also notified the "authorities" during this period that Dean had a broken ankle and needed medical care. (*Id.* at 6.)

---

[1] For the purpose of a Rule 12(b)(6) motion to dismiss, I will accept all the well-pleaded allegations of Dean's complaint as true, even if doubtful in fact, and construe the allegations in the light most favorable to Dean. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citations omitted); *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).

[2] Dean's complaint does not state how he sustained this injury, but that it occurred while he was incarcerated. (Doc. 1 at 5.)

On June 20, 2012, Dean filed this lawsuit against Defendants with the assistance of counsel, alleging that that all of the Defendants violated his Eighth Amendment Rights[3] and that Emerald and Anderson, in his personal and official capacity, acted negligently in denying him medical care. (Doc. 1.) Defendants moved to dismiss the complaint for failure to state a claim. (Doc. 8.) Dean filed a response in opposition (Doc. 11), and Defendants timely replied and filed a notice of briefing complete (Doc. 14; Doc. 15).

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). To survive a motion to dismiss, the pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does not require "detailed factual allegations," but it does require more than bland accusations against the defendant. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Supreme Court recently reaffirmed this standard in *Iqbal*, stating that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

---

[3] Dean also raised claims under the Due Process Clause of the Fourteenth Amendment in tandem with his Eighth Amendment claims. (Doc. 1 at 7-8.) While Dean did not clarify this point in his complaint or in his response brief, he presumably brings the due process claim because he was incarcerated at LCDC as both a pretrial detainee and as a convicted inmate. The Fourteenth Amendment's Due Process Clause governs the degree of medical protection afforded to pretrial detainees, while the Eighth Amendment governs the degree of protection for convicted inmates. *See Barrie v. Grand County*, 119 F.3d 862, 867 (10th Cir. 1997) (quoting *Frohmader v. Wayne*, 958 F.2d 1024, 1028 (10th Cir. 1992)). While the vehicle with which to bring such claims differs depending on the nature of an inmate's incarceration, the substantive standard of deliberate indifference remains the same for both an Eighth and Fourteenth Amendment claim. *Id*. Accordingly, I will discuss his Eighth and Fourteenth Amendment claims as the same, since they require the exact same constitutional analysis. Any reference to an Eighth Amendment claim in this order includes the analogous Fourteenth Amendment claim.

While the complaint need not include "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The factual allegations must also suffice to "inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). The degree of specificity required depends on the nature of the complaint, but, in § 1983 actions, it is "particularly important" that the complaint specify the time, place, and person involved in the matter at issue. *Id.* at 1250 (citations omitted).

## DISCUSSION

Dean's complaint raises both state and federal claims against the Defendants arising out of their treatment of his ankle while he was incarcerated at LCDC. Count I alleges a general duty to refrain from violating Dean's constitutional rights. (Doc. 1 at 7.) Count II states a §1983 claim against all defendants for violating Dean's Eighth Amendment rights by acting with deliberate indifference in denying him treatment for his broken ankle, and it seems to subsume Count I. (Doc. 1 at 8.) Count III raises a negligence claim against Emerald, and Count IV alleges negligence by Anderson. (Doc. 1 at 8-9.)

Defendants' motion attacks the sufficiency of the complaint with respect to Dean's § 1983 claims.[4] First, they argue that Dean has not alleged facts which could show that Anderson acted with deliberate indifference, or, in the alternative, that Dean's allegations are mere recitals of the legal standards and are unsupported by sufficient facts. (Doc. 8 at 3-7.) Second, they claim

---

[4] Defendants acknowledge that Dean has brought claims of negligence against Emerald and Anderson pursuant to the NMTCA, but Defendants do not address the merits of the state-law claims in their motion to dismiss. (Doc. 8.) Confusingly, Defendants ask me to dismiss the complaint as a whole with prejudice. (Doc. 8 at 8.) However, the motion does not attack the sufficiency of the tort claims; in fact, Defendants appear to concede the fact that Dean has properly pled a claim for medical malpractice or medical negligence. (Doc. 8 at 5; Doc. 14 at 2.) Thus, I interpret Defendants' motion to dismiss as only challenging Dean's § 1983 claims, and I will not consider whether Dean has properly pled claims of negligence under the NMTCA.

that Dean has merely articulated the legal standard for liability for Emerald and the County, and that he has failed to allege facts to support his Eighth Amendment claims. (*Id*. at 7-9.) While I disagree with Defendants' first proposition, I agree that Dean has failed to alleged facts to support his constitutional claims against Emerald and the County, and so I will dismiss these claims with prejudice.

## I.     Claim against Anderson

Dean brings an Eighth Amendment claim against Anderson in both his official and individual, or personal, capacity for failing to provide him with adequate medical care for his broken ankle. (Doc. 1 at 1, 2.) Before discussing the sufficiency of Dean's claims, I must address the distinction between suing someone in his or her official versus individual capacity and explain why the § 1983 claim against Anderson in his official capacity is moot.

The Supreme Court addressed the distinction between official and personal capacity lawsuits in *Hafer v. Melo*, 502 U.S. 21 (1991). According to *Hafer*, an official capacity suit "generally represents only another way of pleading an action against an entity of which an officer is an agent." 502 U.S. at 25 (citations omitted). Thus, a suit against a state official in his or her official capacity is treated as a suit against the State. *Id.* "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law. Thus . . . 'it is enough to show that the official, acting under the color of state law, caused the deprivation of a federal right.'" *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

Anderson is the Warden of LCDC, and the County governs LCDC. (Doc. 1 at 2.) Thus, the claim against Dean in his official capacity is the same as a claim against the County. Since

Dean named the County as a defendant, the § 1983 claim against Dean in his official capacity must be denied as moot.[5]

I turn now to the substance of Dean's Eighth Amendment claim against Anderson. The government has an obligation to provide medical care to inmates in its custody. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The failure to provide medical care is a violation of the Eighth Amendment when the government acts with "deliberate indifference to serious medical needs." *Id.* at 104.

To establish a claim for constitutionally deficient medical care, Dean must plead facts to establish objective and subjective components. *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). The objective component requires that the deprivation or medical need be "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). Pain alone may be sufficiently serious to constitute a serious medical need. *See Mitchell v. Maynard*, 80 F.3d 1433 (10th Cir. 1996); *see also Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 735 (10th Cir. 2005) (unpublished). When a prisoner complains about an interruption or absence of medical treatment, the focus is on whether the interruption caused the prisoner substantial harm, such as a "lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

The subjective component concerns whether the defendant knew of and disregarded an excessive risk to the inmate's health or safety by failing to take reasonable measures to abate it.

---

[5] The claim for negligence against Anderson in both his official and individual capacity still survives since *Hafer* is specific to § 1983 claims and Dean did not bring a claim of negligence against the County.

*Beggs*, 563 F.3d at 1089; *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006); *see also Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). This component is "akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006). The inadvertent failure to provide medical care or an act of mere negligence does not violate the Eighth Amendment. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (citations omitted); *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). However, when prison staff deliberately interferes with access to treatment, delays treatment, or refuses to fulfill a gatekeeper role, then that staff member may be held liable. *Mata*, 427 F.3d at 751; *see also Estelle*, 429 U.S. at 104-05; *Christensen v. Big Horn Cnty. Bd. of Cnty. Comm'rs*, 374 F. App'x 821, 828 (10th Cir. 2010) (unpublished) .

I believe that Dean has adequately alleged facts pursuant to Rule 8 to substantiate a claim for an Eighth Amendment violation. First, Dean has sufficiently pled facts showing that he has suffered substantial harm, thus satisfying the objective component of the deliberate indifference test. He claims that his ankle has been permanently damaged and that he requires an ankle replacement. (Doc. 1 at 4.) Further, he stated that his injury caused him such great pain and agony that he suffered from "semi-unconsciousness." (*Id.* at 5.) These facts are specific and detail the degree and type of harm to Dean, making them more than just a recitation of the objective element of the constitutional claim.

Second, Dean has pled facts to establish that Anderson was personally aware of the extent of his injury and recklessly ignored the risk of serious harm, which meets the subjective component. Dean states the legal standard for the subjective component by claiming that Anderson acted recklessly in caring for Dean and that he was denied medical care despite

"obvious serious medical needs for treatment." (*Id.* at 4, 5.) He then supports these recitals with sufficient factual allegations, claiming that Anderson was personally aware of: (1) Dean's broken ankle; (2) Dean's repeated requests for medical attention; and (3) Dean's need for an ankle brace as prescribed by his doctor. (*Id.*) Further, Dean states that his wife also advised the "authorities" of his broken ankle and need for care. (*Id.* at 6.) It would be reasonable to infer that "authorities" includes Anderson. Furthermore, Dean states that he openly exhibited symptoms and made requests for medical attention for over five months. (*Id.*) The passage of five months would indicate the severity of Dean's injury, and it reinforces a claim that Anderson had knowledge of the extent of Dean's pain. Dean has sufficiently pled facts to support both prongs of his § 1983 claim against Anderson in his individual capacity, so this claim will survive.

## II. Claims Against the County and Emerald

It is well settled that local governments, such as counties, and corporate defendants may not be held liable under a *respondeat superior* theory in a § 1983 case. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Simmons v. Uintah Health Care Special Serv. Dist.*, 506 F.3d 1281, 1284 (10th Cir. 2007); *DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 722 (10th Cir. N.M. 1988) (citing *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1432-33 (10th Cir. 1984), cert. denied, 474 U.S. 818 (1985)). Plaintiffs who seek to impose § 1983 liability on a local government or corporate defendant generally must allege that a custom or policy caused his injury. *See Simmons*, 506 F.3d at 1284. "Such a policy or custom may be established by proving the existence of an express policy or custom, or the provision of inadequate training, or a practice so widespread as to constitute custom or usage with the force of law." *Herrera v. County of Santa Fe*, 213 F. Supp. 2d 1288, 1290 (D.N.M. 2002) (citing *Winters v. Bd. of Cnty. Comm'rs*, 4 F.3d 848, 855 (10th Cir. 1993); *Sauers v. Salt Lake Cnty.*, 1 F.3d

1122, 1129 (10th Cir. 1993)); *see also Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998) (discussing § 1983 claims for inadequate training and hiring decisions). If a corporation contracts with a county to operate the county's detention center, both the county and the corporation may be held liable when the corporation promulgates an unconstitutional policy that injures the plaintiff. *See Herrera*, 213 F. Supp. 2d at 1290, 1292.

In *Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010), this circuit considered the Supreme Court's decision in *Iqbal* and its impact on claims brought pursuant to § 1983. *Dodd* explained that, to establish liability, a plaintiff must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." 614 F.3d at 1199. Essentially, the plaintiff must establish an affirmative link between the unconstitutional acts of a subordinate and the adoption of a policy authorizing or approving of the misconduct. *Id.* at 1201.

Defendants, relying on *Iqbal*, argue that Dean has done little more than recite the *Monell* standard for liability in crafting his allegations against Emerald and the County. (Doc. 8 at 5.) Dean indignantly responds that Defendants have overlooked the factual allegations set out in the totality of the complaint. (Doc. 11 at 4-5.) A review of the complaint in light of *Iqbal* and *Dodd* reveals that Dean has not made the explicit link between acts which constitute deliberate indifference and the adoption of a specific policy or custom that authorizes or approves this misconduct.

> First, Dean asserts that Emerald and the County have
>
> [A]dopted a practice which denies reasonable medical care to inmates at the [LCDC] and/or ignores medical needs of inmates and treats such needs with deliberate indifference until the physical problems exacerbates and results in the

>transfer of the inmate from the [LCDC] to a medical facility at which time a Release from Custody Order is obtained, so as to avoid financial responsibility.

(Doc. 1 at 6.) This statement accuses Emerald and the County of ignoring the medical needs of inmates or transferring or releasing inmates to avoid paying for medical care. A search of the complaint reveals no facts to support such a claim. To show that this was a practice or custom, there would need to be facts to show that many inmates were routinely ignored, denied medical care, or transferred or released as their conditions escalated. Not only does the complaint fail to provide supporting facts to indicate that this behavior was routine, Dean only alleges facts to support that he was ignored and his condition was exacerbated as a result. Nowhere does he claim that the County or Emerald prematurely released or transferred him in order to avoid providing him medical care. Without factual support, this is precisely the type of "threadbare recital" of which *Iqbal* disapproved.

The complaint goes on to state that the County and Emerald have "failed to adequately train and supervise its employees to insure [sic] inmates at the Lincoln County Detention Center are provided reasonable medical care." (*Id*.) Dean also claims that the LCDC has an inadequate program "for the identification, treatment and supervision of inmates with medical problems." (*Id*. at 7.) However, he offers no support for this statement. Dean does not explain how or to what degree staff are trained, what the protocol is for reporting injury, or how a patient seeks medical treatment, let alone why such a program is inadequate. Without these relevant facts, these claims must fail. Since dismissal under Rule 12(b)(6) for failure to state a claim is a judgment on the merits, Dean's § 1983 claims against Emerald and the County must be dismissed with prejudice. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Lujan v. Dreis*, 414 F. App'x 140, 143 (10th Cir. 2011) (unpublished).

## CONCLUSION

While the federal pleading standards are lenient, they require more than a list of the elements of a cause of action. Dean's complaint sufficiently alleges facts to support a § 1983 claim against Anderson in his individual capacity for a violation of the Eighth Amendment. However, his complaint does little more than make conclusory assertions with regards to Emerald and the County, and Dean fails to allege facts to support his claims that Emerald or the County had policies or customs that which led to constitutional violations. Accordingly, his § 1983 claims against Emerald and the County are dismissed with prejudice. Since Dean only brought a § 1983 claim against the County, I dismiss the County from the lawsuit with prejudice. Additionally Dean's § 1983 claim against Anderson in his official capacity should be denied as moot since it is legally the same as his constitutional claim against the County.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.